IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **BRENDA ROPER** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**ALDER HOLDINGS, LLC,** a Utah limited liability company,<br><br>*Defendant.* | Case no.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Brenda Roper ("Roper" or "Plaintiff Roper") brings this Class Action Complaint and Demand for Jury Trial against Defendant Alder Holdings, LLC ("Alder" or "Defendant") to stop Alder from violating the Telephone Consumer Protection Act ("TCPA") by placing prerecorded phone calls to consumers without consent, including unsolicited phone calls to phone numbers registered on the National Do Not Call registry ("DNC") and to otherwise obtain injunctive and monetary relief for all persons injured by Alder's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1. Alder is a home security, home automation and medical alert services company with locations in 44 States throughout the US.[1]

2. Alder does business as Alder Home Security and identifies itself during calls using a number of different pseudonyms.

---

[1] https://www.alder.com/about

3. In order to generate new business, Alder engages in unsolicited telemarketing.

4. Alder places, or has placed on its behalf, prerecorded calls to consumers using aliases such as Home Security Promotions, and using an automated virtual attendant that qualifies leads before directing them to human Alder agents.

5. Regardless of whether Alder is placing the telemarketing calls, or having them placed on its behalf, Alder directly benefits from each successful solicitation since the calls are directed to Alder's agents.

6. However, Alder, or its agents do not obtain prior express written consent to place prerecorded calls to consumers, including consumers whose telephone numbers are registered on the DNC.

7. In Plaintiff Roper's case, Alder or its agents placed repeated, unsolicited, prerecorded calls to Plaintiff Roper's cellular phone number despite her number being registered on the DNC.

8. In response to these prerecorded calls, Plaintiff Roper is filing this lawsuit seeking injunctive relief preventing Defendant from continuing to violate the TCPA by placing prerecorded calls to consumers' cellular telephone numbers, including phone numbers that are registered on the DNC, as well as an award of statutory damages to the members of the Class and costs.

**PARTIES**

9. Plaintiff Roper is, and at all times relevant to the Complaint was, an Acworth, Georgia resident.

10. Defendant Alder Holdings is a Utah company headquartered in Orem, Utah. Defendant conducts business nationwide including in this District.

## JURISDICTION AND VENUE

11.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA.

12.     This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District and the state of Georgia, and because the wrongful conduct giving rise to this case was directed to Plaintiff at her Georgia telephone number in this District.

## COMMON ALLEGATIONS

**Alder or its Agents Places Prerecorded Calls to Consumers Without Consent, Regardless of Whether the Consumers' Phone Numbers Are Registered On the DNC**

13.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

14.     Yet in violation of this rule, Defendant fails to obtain any express written consent prior to placing prerecorded solicitation calls to cellular and landline telephone numbers.

15.     Alder places, or has placed on its behalf prerecorded calls to large numbers of consumers using a variety of phone numbers and names such as Home Security Promotions in order to avoid being identified by consumers directly.

16. The phone calls Alder is responsible for, which use at least one prerecorded, virtual attendant named "Jessica" are frequently complained about online:

- "Jessica calls me almost everyday and if I ignore the call – she calls again and again! It is also from the same number. So I just blocked it but got a call from a similar number. I don't even have a home."[2]
- "3-5 times a day, I got 5 calls yesterday in a matter of an hour. All local numbers to me, all differ number, same Jessica from home security promotions."[3]
- "I get these same calls. Today I told her 'yes' to all the questions and the robo call transferred me to a live person. When he answered I told him that they continue to call me daily and I need them to stop[.] As I was speaking these words he yelled something and hung up on me."[4]
- "Jessica from home security' called me 4 times today from a Atlanta local number 678 735 1718"[5]
- "I have received dozens of calls from thi number 217-836-7089, with an automated message promoting sales by Jessica at home security."[6]
- "This is a bunch of BS. If I knew if I could sue them and win the case or just get them to shut the hell up, I'll be first in line"[7]
- "8-23-18 I get several calls per evening. I have called back the numbers occasionally and left messages to remove my number from their calling list."[8]
- "Please have this company stop calling us right away."[9]
- "Home Security Promotions Automated is very annoying! I tried to block the number but they just use another bogus number to call back."[10]
- "Jessica from Home Security Promotions called my home before 9:00 AM. My husband is an agent with Law Enforcement and works nights. VERY ANNOYED! These calls need to stop!"[11]

---

[2] https://complaintwire.org/complaint/Qh8OYyU9yRA/julie-or-jessica-with-home-security-promotions
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] https://complaintwire.org/complaint/Qh8OYyU9yRA/julie-or-jessica-with-home-security-promotions/4
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

4

## PLAINTIFF ROPER'S ALLEGATIONS

**Alder or its Agents Called Plaintiff Roper's Cell Phone Number Without Consent Using Prerecorded Messages, Despite Roper Having Her Number Registered With the DNC**

17. Plaintiff Roper registered her cell phone number with the DNC on August 22, 2007 in order to avoid receiving unwanted solicitation calls. Plaintiff Roper's cell phone number is not associated with a business and is for personal use.

18. Beginning in mid-November 2018, Roper began to receive prerecorded calls on her Georgia cell phone number from Alder using phone number 770-796-3613. When she would pick any of the calls from Defendant she would hear a prerecorded message that stated: "Hi this is Jessica with home security systems."

19. The phone calls continued with "Jessica" asking a series of automated questions to determine if the call recipient is interested in purchasing a security system from Alder. The consumer must answer "yes" in order to get through to a live agent to identify who is the telemarketer behind the calls.

20. Upon investigation, when 770-796-3613 is called, the same "Jessica" answers and goes through the same screening process a consumer will hear when they answer one of these calls. By answering "yes" to the questions Jessica asks, the consumer is told that they will be forwarded to a "professional security specialist." Based on calls made in the end of December 2018, a message is played upon being transferred, "Thank you for calling Alder Home Security. Please wait while we connect you to a sales agent."

21. Roper has received many calls from Alder, including multiple calls during a single day on many occasions. For example, Roper received 2 prerecorded calls on December 6, 2018 from Alder using phone number 770-796-3613 to her cellular phone number.

5

22. Roper received another call on December 13, 2018 at 12:29 PM from Alder, again using phone number 770-796-3613 to her cellular phone number. When she picked up she heard the prerecorded message from "Jessica" about home security systems.

23. Roper received another call from Defendant on December 20, 2018 at 11:57am from 770-796-3613.

24. Plaintiff Roper has never had a relationship with Alder, and has never consented to Alder calling her.  Simply put, Alder did not obtain Plaintiff Roper's prior express written consent to call her cellular telephone number registered on the DNC multiple times using a prerecorded message.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by or on Behalf of Alder**

25. Plaintiff Roper brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a prerecorded voice message (3) for substantially the same reason Defendant called Plaintiff, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time within any 12-month period (2) for substantially the same reason Defendant called Plaintiff (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

6

26. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff's anticipate the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a) whether Defendant placed prerecorded phone calls to Plaintiff and members of the Classes without first obtaining prior express written consent to place the calls;
>
> (b) whether Defendant placed prerecorded phone calls to Plaintiff Roper and members of the Prerecorded No Consent Class
>
> (c) whether Defendant placed calls to Plaintiff Roper and the Do Not Call Registry Class despite their phone numbers being registered on the DNC;
>
> (d) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class

7

actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Classes.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Roper and the Prerecorded No Consent Class)**

31. Plaintiff Roper repeats and reallege paragraphs 1 through 30 of this Complaint and incorporates them by reference.

32. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff Roper and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

33. These prerecorded voice calls were made *en masse* without the prior express written consent of Plaintiff Roper and the other members of the Prerecorded No Consent Class.

34. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff Roper and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Roper and the Do Not Call Registry Class)

35. Plaintiff Roper repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference.

36. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

37. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[12]

---

[12] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

38. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

39. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

40. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Roper and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

41. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Roper and the Do Not Call Registry Class received more than one phone call in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff Roper and the Do Not Call Registry Class are entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Roper, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes, together with costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**BRENDA ROPER**, individually and on behalf of all others similarly situated

Dated: March 17, 2019

/s/ *Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
3315 Charleston Court
Decatur, GA 30034
Telephone: (404) 725-5697
Facsimile: (775) 320-3698
attyoaks@yahoo.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th FL
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*Pro Hac Vice motion forthcoming